UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/31/17_

| | |
|---|---|
| 1199SEIU NATIONAL BENEFIT FUND,<br><br>Plaintiff,<br><br>v.<br><br>LANNETT COMPANY, INC.; and MYLAN PHARMACEUTICALS, INC.<br><br>Defendants. | Civil Action No. 16-CV-9666-KMW<br><br>HON. KIMBA M. WOOD |
| PLUMBERS & PIPEFITTERS LOCAL 178 HEALTH & WELFARE TRUST FUND,<br><br>Plaintiff,<br><br>v.<br><br>LANNETT COMPANY, INC.; MYLAN PHARMACEUTICALS, INC.; and SANDOZ, INC.<br><br>Defendants. | Civil Action No. 16-CV-9890-KMW |
| FWK HOLDINGS, L.L.C., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LANNETT COMPANY, INC.; MYLAN PHARMACEUTICALS, INC.; SANDOZ, INC.; and NOVARTIS AG,<br><br>Defendants. | Civil Action No. 16-CV-9900-KMW |

| | |
|---|---|
| CESAR CASTILLO, INC.<br><br>Plaintiff,<br><br>v.<br><br>LANNETT COMPANY, INC.; MYLAN PHARMACEUTICALS, INC.; SANDOZ, INC.; and NOVARTIS AG<br><br>Defendants. | Civil Action No. 16-CV-9949-KMW |

## KMW [PROPOSED] PRETRIAL ORDER NO. 1

Plaintiffs have filed complaints (the "Complaints") in the above-referenced actions (the "Actions") for alleged violations of the antitrust laws on behalf of proposed classes of Direct Purchasers or End-Payor Purchasers of generic Levothyroxine ("Levothyroxine Antitrust Litigation").

AND NOW, this 24 day of January 2017, by agreement of the parties (except for Novartis AG[1]), the Court hereby enters the following Pretrial Order:

### A. Consolidation and Coordination of Related Actions

1. Any suit now pending or hereafter appropriately filed with this Court, or appropriately transferred to this Court, which is brought on behalf of a proposed class of direct

---

[1] The other parties to the case have not identified counsel for Novartis AG, and Novartis AG has not yet been served. Novartis AG is a defendant in the Direct Purchaser Actions: *FWK Holdings, L.L.C. v. Lannett Company, Inc, et al.*, Civ. No. 16-9900 (KMW), and *Cesar Castillo, Inc. v. Lannett Company, Inc, et al.*, Civ. No. 16-9949 (KMW). Novartis AG is not a defendant in the End-Payor Purchaser Actions: *1199SEIU National Benefit Fund v. Lannett Company, Inc. et al.*, Civ. No. 16-9666 (KMW), and *Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund v. Lannett Company, Inc. et al.*, Civ. No. 16-9890 (KMW).

A direct purchaser action making similar allegations to the instant cases has also been filed in the Eastern District of Pennsylvania. *Rochester Drug Co-Operative, Inc. v. Lannett Co., Inc., et al.*, Civ. No. 16-6671 (CMR) (Dec. 28, 2016 E.D. Pa.). The plaintiff in that case made a motion on January 5, 2017, to the Judicial Panel on Multi-District Litigation to transfer the Direct Purchaser Actions to the Eastern District of Pennsylvania for centralization in MDL No. 2724, *In re Generic Digoxin and Doxycycline Antitrust Litigation*.

314df9752812d508

purchasers of Levothyroxine and that arises out of the same operative facts as the Direct

Purchaser Actions[2] are hereby or may be consolidated for all pretrial purposes pursuant to Rule

42(a) of the Federal Rules of Civil Procedure (the "Direct Purchaser Actions").

2.      Any suit now pending or hereafter appropriately filed with this Court, or

appropriately transferred to this Court, which is brought on behalf of a proposed class of end-

payors of Levothyroxine and that arises out of the same operative facts as the End-Payor

Purchaser Actions[3] are hereby or may be consolidated for all pretrial purposes pursuant to Rule

42(a) of the Federal Rules of Civil Procedure (the "End-Payor Purchaser Actions").

3.      The Direct Purchaser Actions, and the End-Payor Purchaser Actions shall

hereafter be coordinated for pretrial discovery in this action ("Coordinated Actions").

**B.      Caption of Cases**

4.      Every pleading filed in these Coordinated Actions, or in any separate action

included therein, shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------   x
IN RE LEVOTHYROXINE ANTITRUST          :
LITIGATION                                               :   Civil Action. No. 16-9900
                                                               :
This Documents Relates To:                        :
------------------------------------------------------------   x

5.      When a pleading is intended to be applicable to all actions to which this Order is

applicable, the words "All Actions" shall appear immediately after the words "This Document

---

[2] The Actions brought on behalf of Direct Purchaser Plaintiffs currently before this Court are: *FWK Holdings, L.L.C. v. Lannett Company, Inc, et al.*, Civ. No. 16-9900 (KMW), and *Cesar Castillo, Inc. v. Lannett Company, Inc, et al.*, Civ. No. 16-9949 (KMW).
[3] The Actions brought on behalf of End-Payor Plaintiffs currently before the Court are: *1199SEIU National Benefit Fund v. Lannett Company, Inc. et al.*, Civ. No. 16-9666 (KMW), and *Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund v. Lannett Company, Inc. et al.*, Civ. No. 16-9890 (KMW).

Relates To:" in the caption set out above. When a pleading is intended to be applicable only to some, but not all, of such actions, the separate captions and docket number for each action to which the pleading is intended to be applicable shall appear immediately after or below the words "This Document Relates To:" in the caption described above. If a pleading applies to the Consolidated Direct Purchasers Actions or to the Consolidated End-Payor Actions, the words "All Direct Purchaser Actions" or "All End-Payor Purchaser Actions" respectively shall appear after the words "This Document Relates To:" in the caption described above, with the applicable docket numbers of the cases.

**C.     Master Docket, Master File and Separate Actions Dockets**

6.     A Master Docket and Master File are hereby established for the Coordinated Actions.

7.     Documents shall bear the caption, as provided in ¶¶4 and 5 above, of the actions in which the authors intend the documents to be served and/or filed. Entries shall be made on the dockets, and copies of documents placed in the files, of those actions whose captions appear on the pleading or court paper.

8.     Separate dockets shall be maintained for each of the Coordinated Actions and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order or a future order of this Court.

9.     When a pleading or other court paper is filed and the caption, pursuant to ¶¶4 and 5 above, shows that it is to be applicable to "All Actions," the Clerk shall file such pleading or other court paper in the Master File and note such filing in the Master Docket. No further copies need to be filed or docket entries made.

10.    When a pleading or other court paper is filed and the caption, pursuant to ¶¶4 and 5 above, shows that it is applicable to fewer than all actions that are coordinated before this Court, the Clerk need file such pleading or other court paper only in the Master File, but nonetheless shall note such filing in both the Master Docket and in the docket of each such action.

**D.    Consolidated Class Action Complaints and Motions to Dismiss**

11.    Direct-Purchaser Plaintiffs and End-Payor Plaintiffs shall file their respective Consolidated Class Action Complaints within 60 days of the Court's appointment of Leadership Structures for the Consolidated Direct-Purchaser Actions and for the Consolidated End-Payor Purchaser Plaintiffs' Actions.

12.    Defendants shall answer, move or otherwise plead in response to the Consolidated Class Action Complaints within 60 days of service of such Complaints. In the event Defendants move to dismiss any or all asserted claims:

(1)    Defendants shall make good-faith efforts to coordinate and consolidate common legal arguments in any motions to dismiss and accompanying briefs.

(2)    Defendants are permitted to submit individual motions and briefs to allow for Defendant-specific arguments.

13.    Direct-Purchaser Plaintiffs and End-Payor Plaintiffs shall each have 60 days from the filing and service of any motions to dismiss to file and serve any responses in opposition thereto.

14.    Any replies shall be filed within 45 days from the filing and service of any opposition memoranda.

15.     Before the filing of any motion to dismiss by Defendants, Plaintiffs and Defendants shall meet and confer regarding appropriate page limitations for memoranda in support of and in opposition to such motions, and for any replies, and submit to the Court a proposed order and stipulation regarding page limitations, or if the Parties cannot agree on page limitations, a proposed order identifying the differing proposals and a brief explanation by Plaintiffs, as a group, and Defendants, as a group, of the reasons therefor.

16.     If any filing deadline stated above falls on a weekend or federal holiday, any motions or memoranda shall be filed on the first business day following such a weekend or holiday.

### E.   <u>Discovery Protocols</u>

17.     Within 30 days of the Court's appointment of the Leadership Structures for the Direct-Purchaser Actions and for the End-Payor Plaintiffs' Actions, the Parties shall negotiate and submit to the Court a proposed Protective Order, or, if the parties cannot agree on all terms, then in lieu of an agreed-upon Protective Order, the Parties shall submit a proposed Protective Order identifying areas of agreement and areas of disagreement and a brief explanation of the Parties' positions regarding each area of disagreement.

18.     Within 60 days of the Court's appointment of the Leadership Structures for the Direct-Purchaser Actions and for the End-Payor Plaintiffs' Actions, the Parties shall negotiate and submit to the Court (i) a proposed protocol for the search for, and production format of, Electronically Stored Information and Documents, which shall include a protocol governing the production of privilege logs (the "ESI protocol"), and (ii) a proposed Document Preservation Protocol. If the parties cannot agree on all terms, then, within that same time period, in lieu of the agreed-upon Protocols, the Parties shall submit the proposed Preservation and Search and Production Protocols identifying areas of agreement and areas of disagreement and a brief explanation of each Parties' positions regarding each area of disagreement.

### F.   <u>Acceptance of Service</u>

19.     Defendants agree to accept service of the Summons and Complaints in the actions captioned above and in any subsequently filed cases that are related to these cases in which they have been named via email from Plaintiffs' counsel, or, for Complaints already served, stipulate that Process and Service of Process was proper under Rule 4 of the Federal Rules of Civil Procedure for the following entities: Lannett Company, Inc., Mylan Pharmaceuticals, Inc., Sandoz, Inc.  Except as to sufficiency of process and service of process as to these entities,

Defendants expressly reserve the right to challenge the complaints and any Consolidated Class Action Complaints, on any and all grounds, including personal jurisdiction.

**G.     Newly Filed or Transferred Actions**

20.     When a case that arises out of the same subject matter of the Coordinated Actions is hereafter appropriately filed with this Court or appropriately transferred from another court, the Clerk of this Court shall:

a.     Make an appropriate entry in the Master Docket;

b.     Place a copy of this Order in the separate file for such action; and

c.     Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed transferred case and to any new defendant(s) in the newly-filed or transferred case.

21.     This Order shall apply to each case referenced in ¶¶1 and 2 unless a party objecting to the consolidation or coordination of such case or to the provisions of this Order shall, within ten (10) days after the date upon which a copy of this Order is mailed to counsel for such party, file an application for relief from this provision and this Court deems it appropriate to grant such application.

22.     This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated or coordinated as part of the Coordinated Actions.

It is so **ORDERED**.

NY, NY.

BY THE COURT:        1-24-17

/Kimba M. Wood

**KIMBA M. WOOD**
**U.S.D.J.**